**UNITED STATES  DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **MAJUANGY EVANS** | **CIVIL ACTION** |
| **versus** | **NO. 13-0196** |
| **STEVE RADER** | **SECTION: "A" (1)** |

**REPORT AND RECOMMENDATION**

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  See 28 U.S.C. § 2254(e)(2).  Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITHOUT PREJUDICE**.

Petitioner, Majuangy Evans, is a state prisoner incarcerated at the Dixon Correctional Institute, Jackson, Louisiana.  Due to repeated errors by the state courts, the procedural history of his state criminal proceedings is extremely complex and convoluted.  However, for the purposes of this proceeding, it suffices to say:  he was convicted of possession with intent to distribute cocaine

on August 28, 2001,[1] that conviction was affirmed by the Louisiana Fifth Circuit Court of Appeal on March 11, 2003,[2] he was ultimately sentenced on that conviction as a second offender to a term of forty-five years imprisonment on January 31, 2002,[3] and again on May 15, 2003,[4] that sentence was affirmed by the Louisiana Fifth Circuit Court of Appeal on December 29, 2009,[5] and his related writ application was then denied by the Louisiana Supreme Court on March 25, 2011.[6]

After subsequently being denied post-conviction relief in the state courts, petitioner filed the instant application for federal *habeas corpus* relief on January 14, 2013.[7]  The state concedes that the federal application is timely but argues that the application must be dismissed because petitioner failed to exhaust his remedies in the state courts.[8]  The state is correct.

Pursuant to 28 U.S.C. § 2254(b)(1)(A), a petitioner normally must first exhaust his remedies in the state courts before seeking *habeas corpus* relief from the federal courts.  "To exhaust, a petitioner must have fairly presented the substance of his claim to the state courts."

---

[1] State Rec., Vol. II of V, transcript of August 28, 2001, p. 49; State Rec., Vol. I of V, minute entry dated August 28, 2001; State Rec., Vol. I of V, jury verdict form.

[2] State v. Evans, 844 So. 2d 111 (La. App. 5th Cir. 2003) (No. 02-KA-1108); State Rec., Vol. I of V.

[3] State Rec., Vol. II of V, transcript of January 31, 2002.

[4] State Rec., Vol. III of V, minute entry dated May 15, 2003.

[5] State v. Evans, 30 So.3d 958 (La. App. 5th Cir. 2009) (No. 09-KA-477); State Rec., Vol. V of V.

[6] State v. Evans, 61 So.3d 653 (La. 2011) (No. 2010-KO-0363); State Rec., Vol. V of V.

[7] Rec. Doc. 1.

[8] Rec. Doc. 6.

Wilder v. Cockrell, 274 F.3d 255, 259 (5th Cir. 2001) (internal quotation marks omitted).  That requirement applies to all levels of review in the state court system, meaning that a petitioner's federal claim must have been "fairly presented" to "*each* appropriate state court (including a state supreme court with powers of discretionary review)."  Baldwin v. Reese, 541 U.S. 27, 29 (2004) (emphasis added). Moreover, the claim must have been presented "in a procedurally proper manner according to the rules of the state courts."  Dupuy v. Butler, 837 F.2d 699, 702 (5th Cir. 1988) (internal quotation marks omitted).  For the following reasons, it is evident that not all of the claims petitioner now presents to this Court were *fairly presented* at *each level* of the state court system in a *procedurally proper* manner.

In the instant federal proceeding, petitioner asserts the following four claims:

1.    Petitioner's counsel was ineffective for failing to object to the prosecution's introduction of evidence which had not been provided to the defense prior to trial;[9]

2.    Petitioner's counsel was ineffective for abandoning him by failing to appear at a hearing on a motion to reconsider sentence;[10]

3.    Petitioner's appellate counsel was ineffective for failing to argue that trial counsel was ineffective for failing  to object

---

[9] Rec. Doc. 1, p. 5.

[10] Rec. Doc. 1, p. 7.

to the prosecution's introduction of evidence which had not been provided to the defense prior to trial;[11] and

4.     Petitioner's sentence is excessive because the judge was under the misconception that petitioner faced a life sentence and because there was no gun or violence involved in the crime.[12]

Petitioner's excessive sentence claim is *arguably* exhausted, in that it at least bears a passing resemblance to the similar claim he presented to the Louisiana Fifth Circuit Court of Appeal his second direct appeal in State v. Evans, 30 So.3d 958 (La. App. 5th Cir. 2009), and in his related writ application filed with the Louisiana Supreme Court in State v. Evans, 61 So.3d 653 (La. 2011).

The same is not true, however, of petitioner's three ineffective assistance of counsel claims. Those claims were first raised in his final state post-conviction application filed in 2011.[13] The state district court denied those claims on procedural grounds.[14] Petitioner then filed a related

---

[11] Rec. Doc. 1, p. 8.

[12] Rec. Doc. 1, p. 10.

[13] State Rec., Vol. I of V. The Court notes that petitioner also raised ineffective assistance of counsel claims at other times during the prolonged history of this case in the state courts. However, the claims raised on those other occasions were based on different theories than his instant claims and, therefore, are irrelevant as to the issue of whether the instant claims are exhausted. See Ogan v. Cockrell, 297 F.3d 349, 358 (5th Cir. 2002); Burns v. Estelle, 695 F.2d 847, 849-50 (5th Cir. 1983); Stevenson v. Cain, Civ. Action No. 06-1244, 2006 WL 2850167, at *2 n.18 (E.D. La. Oct. 4, 2006).

[14] State Rec., Vol. I of V, Order dated August 15, 2011.

writ application with the Louisiana Fifth Circuit Court of Appeal; however, he failed to assign any

errors therein.[15]   Accordingly, the Court of Appeal rejected that application as improperly filed,

holding:

> In his pro se writ application, relator claims that the 24th Judicial District Court erred in denying his application for post-conviction relief.  However, relator has failed to assign or specify errors and provide a memorandum in support of the application, as well as include a prayer for relief.
> Uniform Rules, Courts of Appeal, Rule 4-5(C)(5) requires that relator's submissions include, "the assignments or specifications of errors and a memorandum in support of the application, in accordance with Rules 2-12.2 and 2-12.10, and a prayer for relief[.]"
> Accordingly, because relator has failed to specify any errors in the trial court's ruling, on the showing made, *we are unable to review relator's writ application*.[16]

Petitioner then filed a related writ application with the Louisiana Supreme Court; however, in that

application, he asserted only a single assignment of error:  "Did the trial court erred [sic] in its

decision to time-bar petitioner's application for post conviction relief pursuant to LSA-C.Cr.P. art.

930.8?"[17]  The Louisiana Supreme Court denied that application without assigning reasons.[18]

Based on the foregoing, the undersigned finds that petitioner's three ineffective

assistance of claims are unexhausted.  Although the claims were "fairly presented" to the state

district court, they were not presented, fairly or otherwise, to the state appellate courts.

---

[15] State Rec., Vol. IV of V, writ application in Case Number 2011-KH-964.

[16] State v. Evans, No. 2011-KH-964 (La. App. 5th Cir. Nov. 8, 2011); State Rec., Vol. V of V.

[17] State Rec., Vol. V of V, writ application in Case Number 2011-KH-2572.

[18] State *ex rel.* Evans v. State, 93 So.3d 588 (La. 2012) (No. 2011-KH-2572); State Rec., Vol. V of V.

This is most clear with respect to the Louisiana Fifth Circuit Court of Appeal writ application.  As previously explained, the federal exhaustion requirement simply is not met unless the petitioner gave the state court a fair opportunity to consider the claim by presenting it to the court "in a procedurally proper manner according to the rules of the state courts."  Dupuy, 837 F.2d. at 702.  Here, the Court of Appeal expressly held that it was "unable to review" petitioner's writ application because he had not complied with the applicable court rules.  Therefore, petitioner's ineffective assistance of counsel claims are unexhausted because they were never "fairly presented" to that court for review.  See, e.g., Murphy v. Cooper, Civ. Action No. 12-1339, 2012 WL 5463864, at *5 (E.D. La. Oct. 1, 2012), adopted, 2012 WL 5463857 (E.D. La. Nov. 8, 2012).

The claims also were not "fairly presented" to the Louisiana Supreme Court.  As noted, in his related writ application filed with the Louisiana Supreme Court, petitioner argued only that the district court incorrectly denied his post-conviction application as untimely; he did not expressly reassert his underlying claims.  That is problematic for the following reasons.

In Baldwin v. Reese, 541 U.S. 27 (2004), the United States Supreme Court explained that claims are unexhausted unless they are *expressly* raised by a petitioner in his state-court petition, brief, or similar document.  In that case, the Supreme Court rejected inmate Reese's argument that his claims were fairly presented to the Oregon Supreme Court because the justices of that court had the "opportunity" to review the lower court records when deciding whether to grant discretionary review.  The United States Supreme Court rejected that argument, holding:

> We recognize that the justices of the Oregon Supreme Court did have an "opportunity" to read the lower court opinions in Reese's case.  That opportunity means that the judges *could* have read them.  But to say that a petitioner "fairly presents" a federal claim when an

appellate judge can discover that claim only by reading lower court opinions in the case is to say that those judges *must* read the lower court opinions – for otherwise they would forfeit the State's opportunity to decide that federal claim in the first instance.  In our view, federal habeas corpus law does not impose such a requirement.

For one thing, the requirement would force state appellate judges to alter their ordinary review practices.  Appellate judges, of course, will often read lower court opinions, but they do not necessarily do so in every case.  Sometimes an appellate court can decide a legal question on the basis of the briefs alone.  That is particularly so where the question at issue is whether to exercise a discretionary power of review, i.e., whether to review the merits of a lower court decision.  In such instances, the nature of the issue may matter more than does the legal validity of the lower court decision.  And the nature of the issue alone may lead the court to decide not to hear the case. ...

For another thing, the opinion-reading requirement would impose a serious burden upon judges of state appellate courts, particularly those with discretionary review powers.  Those courts have heavy workloads, which would be significantly increased if their judges had to read through lower court opinions or briefs in every instance.

Baldwin, 541 U.S. at 31-32.  The Supreme Court therefore held that a claim is not "fairly presented" to a court for exhaustion purposes "if that court must read beyond a petition or a brief (or a similar document)."  Id. at 32.

In his Louisiana Supreme Court writ application, petitioner did not even identify his underlying substantive claims, much less ask the court to review them.  Further, he has pointed to no authority suggesting that the justices of that court would have, unasked, reviewed those claims, and there is simply no reason to believe they in fact did so.  Petitioner presented the justices with the narrow procedural issue of timeliness, and the justices were not required to consider the merits of his underlying substantive claims in order to resolve that procedural issue.  Therefore, the ineffective assistance of counsel claims also were not exhausted at the highest level of the state court

system.  Patterson v. Cain, Civ. Action No. 10-4587, 2012 WL 1933748, at *4 (E.D. La. May 29, 2012); see also Williams v. Cain, Civ. Action No. 12-1990, 2013 WL 595928, at *9-10 (E.D. La. Jan. 16, 2013), adopted, 2013 WL 595925 (E.D. La. Feb. 15, 2013).

Accordingly, petitioner's federal application is, at best, a mixed petition and should be dismissed without prejudice on that basis.  Alexander v. Johnson, 163 F.3d 906, 908 (5th Cir. 1998) ("A habeas petition containing both exhausted and unexhausted claims is a 'mixed' petition which should be dismissed without prejudice.").

Out of an abundance of caution, however, the Court notes that a petitioner may avoid dismissal of a "mixed" petition by "amending or resubmitting the habeas petition to present only exhausted claims to the district court." Rose v. Lundy, 455 U.S. 509, 510 (1982); see also Neslo v. Cain, No. 97-31025, 1998 WL 546499, at *1 (5th Cir. Aug. 10, 1998) ("Prisoners who submit mixed petitions are entitled to resubmit a petition with only exhausted claims or to exhaust the remainder of their claims."); Williams, 2013 WL 595928, at *10.  Here, petitioner has made no such request. Nevertheless, even if he had made such a request to proceed only on his arguably exhausted excessive sentence claim, or if he makes such a request in any objections to this Report and Recommendation, it is clear that relief would not be warranted with respect to that claim.

On direct appeal, the Louisiana Fifth Circuit Court of Appeal rejected petitioner's excessive sentence claim, holding:

> [T]he defendant asserts the trial court erred by imposing an excessive sentence, and by failing to comply with the sentencing mandates of La. C. Cr. P. art. 894.1.
> At the May 15, 2003 hearing on remand, the prosecutor advised the trial court that the case had been remanded for a ruling on two motions to reconsider sentence.[FN4] Defense counsel asked the

court to "take note" of the record and consider the excessiveness of the 45-year sentence. Thereafter, the trial court ruled on the motions and stated, "Okay. The Court has reviewed the record, as well as the Fifth Circuit's opinion. Not having the benefit of the thought process of the sentencing judge and considering the state's position, the Court is going to deny both motions."

> [FN4] At trial and the original sentencing, as well as the first habitual offender sentencing, the district judge was Ronald Bodenheimer. On the remand, the district judge was Hans Liljeberg.

The prosecutor then stated, "And Judge, at this time, the state would ask you now to re-sentence him on the original 45 years, and I believe the Fifth Circuit also indicated that to clarify the record, the first five years is without benefit of probation, parole or suspension of sentence."

Without setting aside the original enhanced sentence, the trial judge resentenced the defendant to 45 years imprisonment at hard labor, with the first five years to be served without benefits.

According to this Court's directive on the first appeal, the trial court was supposed to rule only on the two motions to reconsider sentence. Our opinion did not instruct the trial court to resentence the defendant as a multiple offender, but merely noted a patent sentencing error that it was premature to address on the first appeal.

Had the trial court granted the motions to reconsider, it would have had to resentence the defendant. The trial court denied the motions, however. On the first appeal the defendant argued only that there were errors patent on the face of the record. He specifically assigned as error the failure of the trial judge to rule on the motion to reconsider sentence. The defendant did not raise excessive sentence or compliance with La. C. Cr. P. art. 894.1 on the first appeal. The defendant argues that his sentence is excessive and that the record does not contain evidence warranting a maximum sentence for his underlying conviction. He contends that the judge focused on the war on drugs and the hazards drugs bring before concluding he had no choice in the matter but to give him the maximum sentence.

The defendant argues that the trial court failed to articulate its reasons for the sentence imposed, and that the record does not indicate a rationale for the court's harshness. He concludes the court failed to comply with the sentencing mandate of La. C. Cr. P. art. 894.1. The defendant contends the judge did not mention other

factors under the sentencing guidelines other than the consideration of the defendant's criminal history, which included repeated drug offenses. The defendant asserts that having a drug addiction should not have been a factor that warranted a harsher prison term, and he contends the sentence was not particularized to him.

The defendant acknowledges that his 30-year sentence was vacated and the judge imposed a 45-year sentence after finding he was a second felony offender. He asserts that the judge offered no reasons for the sentence except that "the people of Jefferson Parish" did not want someone like the defendant on the streets and that drug crimes were not victimless crimes. He argues these statements failed to comply with the sentencing guidelines of La. C. Cr. P. art. 894.1.

### 30-Year Sentence

On October 11, 2001, the defendant was sentenced to 30 years' imprisonment at hard labor for the conviction of possession with intent to distribute cocaine. When sentencing the defendant, the judge noted that the defendant had a prior conviction as a juvenile for armed robbery and a prior conviction for possession of cocaine. The judge noted considerations under La. C. Cr. P. art. 894.1, specifically stating there was an undue risk that the defendant would commit another crime, and that he could not give the defendant a suspended sentence and probation. The court also noted that if the State was correct, the defendant was facing life imprisonment.

In addition, the judge found the defendant in need of correctional treatment, that a lesser sentence would deprecate the seriousness of the act, but stated, "[I]t's not the act as much as your background that's your particular problem, Mr. Evans." The judge then went on to tell the defendant he was "a tool of the Columbian drug lords," that what the judge had to look at was what the defendant was doing to "all these other people," that the cocaine trade is not a victimless crime, that the reason "we can't win the war on drugs" is because "it's not being fought properly."

The judge stated he intended to "help those that have a habit and punish those who are using it to make money." He told the defendant, "You are one of the ones that are spreading it," and continued, "Considering you are facing life imprisonment if what the D.A. tells me is true, the Court has no choice in this matter but to give you the maximum sentence of 30 years in the Department of Corrections without benefit of probation, parole, or suspension of sentence."

On November 15, 2001, the defendant filed a "Motion to Reconsider Sentence and Motion for Appeal." In this motion, the defendant argued that his sentence was excessive in violation of the United States Constitution, the Louisiana Constitution, all applicable statutes, and the Sentencing Guidelines. The motion also alleged that the court failed to adequately consider mitigating circumstances in fixing the jail term or fine and to consider both the statutory and sentencing guidelines. On January 31, 2002, the defendant's original sentence was vacated, and the defendant was sentenced as a multiple offender.

In his second appeal, the defendant attacks his original 30-year sentence as excessive. He also argues that the trial judge failed to comply with La. C. Cr. P. art. 894.1 in articulating reasons for the sentence imposed. However, it appears this argument is moot because his 30-year sentence was vacated when the defendant was sentenced as a second felony offender.

We find the claim of excessive sentence as to the vacated 30-year sentence is moot because the original sentence no longer exists. State v. Jenkins, 07-423, p. 8 (La.App. 5 Cir. 10/30/07), 970 So.2d 1166, 1170, writ denied, 07-2243 (La. 5/30/08), 983 So.2d 895. See also, State v. Jackson, 05-923, pp. 12-13 (La.App. 5 Cir. 3/28/06), 926 So.2d 72, 79, writ denied, 06-1589 (La. 1/8/07), 948 So.2d 121; State v. Hanson, 00-1168, p. 4 (La.App. 5 Cir. 12/13/00), 778 So.2d 43, 45.

## 45-Year Enhanced Sentence

On January 31, 2002, the defendant was sentenced to 45 years' imprisonment at hard labor for distribution of cocaine as a second-felony offender. The judge noted the sentencing range was 15 to 60 years, and questioned the State regarding prior convictions. The State reported that the defendant was previously convicted of five counts of armed robbery as a juvenile.

When imposing the enhanced sentence, the judge told the defendant:

> Mr. Evans, I really wish we could have done this when all these other guys were here in court so at least, if nothing else, you could have served as a bad example.
>
> But, you know, you're a good example of what happens when you mix guns and narcotics. You

> have a history of dealing with guns and armed
> robberies and now you are out dealing narcotics.
>
> You are the kind of person that, with all due
> respect, the people of Jefferson Parish just don't want
> on their streets.
>
> I know that maybe you and some other people
> think that drugs is [sic] a victimless crime, but it isn't.
> I see the victims in court everyday.  It's bad enough
> that we've got some people using drugs, but it's
> worse when you have them selling them.  My guess
> is, you were selling and using, huh?

The defendant responded, "No, sir."  The judge then stated he
remembered the defendant was "the guy that put the stuff in the back
of the toilet seat."  After considering the sentencing range and the
sentencing guidelines of La. C. Cr. P. art. "894" [sic], the judge
sentenced him for distribution of cocaine as a second felony offender
to 45 years imprisonment at hard labor without benefit of probation
or suspension of sentence.

Defense counsel then made an oral motion to reconsider the
sentence and stated he would supplement the motion in writing.  The
judge said he would "take it up" when he filed it.  The record does
not show the oral motion was ever supplemented by a written motion.

On remand, after defendant's motions to reconsider were
denied, defendant was resentenced to the same 45-year sentence at
hard labor, except the restriction of benefits was different.  The
defendant's original enhanced sentence was imposed without benefit
of probation or suspension of sentence.  On remand, the defendant
received an enhanced sentence to be served without benefits for the
first five years.

Because the motion to reconsider did not set forth specific
grounds on which the motion was based, we limit our analysis of the
45-year sentence to a review for constitutional excessiveness. La. C.
Cr. P. art. 881.1 requires that a motion to reconsider set out the
"specific grounds" upon which the motion is based in order to raise
an objection to the sentence on appeal.  State v. Mims, 619 So.2d
1059, 1059-1060 (La. 1993).  If the defendant does not allege any
specific ground for excessiveness or present any argument or
evidence not previously considered by the court at original
sentencing, the defendant is relegated to having the appellate court
consider the bare claim of constitutional excessiveness.  Id.; see also,

State v. Carter, 07-270, p. 10 (La.App. 5 Cir. 12/27/07), 976 So.2d 196, 202.

We note further that on remand the trial court resentenced the defendant without first vacating the original enhanced sentence. After the resentencing, defense counsel did not file a motion to reconsider or object to the new enhanced sentence. Where a new sentence has been imposed following vacation of a prior sentence, the defendant is required to file a new motion for reconsideration of sentence in the trial court, in order to preserve appellate review of the newly-imposed sentence. State v. Emerson, 04-0156, pp. 6-7 (La.App. 1 Cir. 10/29/04), 888 So.2d 975, 979-80, writ denied, 05-0089 (La. 4/22/05), 899 So.2d 557. The court cannot assume that the defendant's objections to the earlier sentence are equally applicable to the new sentence imposed. Id.

Regardless of which enhanced sentence is considered, the defendant either did not file a motion to reconsider or made an oral motion and failed to state specific grounds. Thus, our consideration of the enhanced sentence is limited to a review for constitutional excessiveness.

The defendant argues that the trial court failed to comply with La. C. Cr. P. art. 894.1 by articulating justification for the sentence imposed. Article 894.1(C) requires the trial judge to state for the record the considerations taken into account and the factual basis when imposing the sentence. State v. Sanders, 98-855, p. 5 (La.App. 5 Cir. 5/19/99), 734 So.2d 1276, 1279, writ denied, 99-1980 (La. 1/7/00), 752 So.2d 175. When there is an adequate factual basis for the sentence contained in the record, however, the trial court's failure to articulate every circumstance listed in La. C. Cr. P. art. 894.1 does not require a remand for resentencing. Id.

As noted above, the defendant failed either to file a motion to reconsider or to object to the new enhanced sentence imposed on remand. Nor did the defendant's oral motion to reconsider the previous enhanced sentence raise failure to comply with La. C. Cr. P. art. 894.1.

An argument concerning the trial court's non-compliance with Article 894.1 falls under the category of statutory excessiveness. See State v. Lagarde, 07-123, p. 17 (La.App. 5 Cir. 5/29/07), 960 So.2d 1105, 1118, writ denied, 07-1650 (La. 5/9/08), 980 So.2d 684. Therefore, the defendant failed to preserve this issue for appeal. See State v. Haywood, 00-1584, p. 17 (La.App. 5 Cir. 3/28/01), 783 So.2d 568, 581.

On remand the defendant received the same 45-year sentence, except for the restriction of benefits.  We find that the 45-year sentence is not constitutionally excessive.

The imposition of excessive punishment is prohibited by both the Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution.  State v. Lawson, 04-334, p. 6 (La.App. 5 Cir. 9/28/04), 885 So.2d 618, 622.  A sentence is constitutionally excessive if it is grossly out of proportion to the seriousness of the offense or is nothing more than a purposeless and needless infliction of pain and suffering.  State v. Lobato, 603 So.2d 739, 751 (La. 1992); Lawson, 04-334 at 6, 885 So.2d at 622.  A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice.  Id.

The trial court is afforded wide discretion in determining sentences and a court of appeal will not set aside a sentence for excessiveness if the record supports the sentence imposed.  Lawson, 04-334 at 6, 885 So.2d at 622.  See also La. C. Cr. P. art. 881.4(D).

An appellate court considers three factors in reviewing a trial court's sentencing discretion: 1) the nature of the crime, 2) the nature and background of the offender, and 3) the sentence imposed for similar crimes by the same court and other courts.  State v. Stewart, 03-920, p. 16 (La.App. 5 Cir. 1/27/04), 866 So.2d 1016, 1027-28, writ denied, 04-0449 (La. 6/25/04), 876 So.2d 832.

In March 2001, when the defendant committed the underlying offense, La. R.S. 40:967(B)(4)(b) provided that on conviction of possession with intent to distribute cocaine conviction, the defendant shall be sentenced to a term of imprisonment at hard labor for not less than five years nor more than thirty years, with the first five years of the sentence being without benefit of parole, probation, or suspension of sentence.  The statute provided for discretionary imposition of a fine of not more than fifty thousand dollars.  Thus, as a second felony offender, the defendant faced a possible sentencing range of 15 to 60 years imprisonment.  La. R.S. 15:529.1(A)(1)(a).  The defendant received a 45-year sentence.

Reviewing other similar cases, we find the sentence is supported by comparison.  In State v. Calway, 98-2061, p. 6 (La.App. 4 Cir. 11/17/99), 748 So.2d 1205, 1209, writs denied, 00-3396 (La. 8/24/01), 795 So.2d 342 and 04-1260 (La. 3/18/05), 896 So.2d 998, on a conviction for possession of cocaine with intent to distribute the defendant was sentenced to 60 years at hard labor – the maximum sentence under the statutes – after being adjudicated a second-felony

offender.   The appellate court found the trial court's reasons adequately supported the sentence and sufficiently complied with La. C. Cr. P. art. 894.1.  Calway, 98-2061 at 7, 748 So.2d at 1209.

In Calway the trial court had noted that the defendant had six prior convictions that spanned over a 20-year period; that the defendant's criminal history indicated a need for correctional treatment in a custodial environment; that if the defendant was not incarcerated, he would return to a life of crime.  The trial court also observed that the defendant was found to be in possession of twenty-three rocks of cocaine, and police had observed the defendant engaging in a narcotics transaction.  Calway, 98-2061 at 8, 748 So.2d at 1209.

The Calway court recognized that while the defendant was convicted of possession with intent to distribute, there was evidence that could have supported a charge of distribution.  Calway, 98-2061 at 8, 748 So.2d at 1210-11.  Further, the court found that the defendant's prior convictions for theft, burglary, possession of narcotics paraphernalia, possession of cocaine, and possession of marijuana, justified the imposition of the maximum sentence.  Thus, the court held that the sentence imposed by the trial court was not constitutionally excessive.  Calway, 98-2061 at 8, 748 So.2d at 1210.

Other cases have upheld lesser sentences when considering constitutional excessiveness of sentences for second felony offenders with similar or worse criminal backgrounds than the defendant.[FN6]  Nevertheless, we find the sentence is not constitutionally excessive.

> [FN6]  See State v. Jackson, 07-975, pp. 5-12 (La.App. 5 Cir. 4/15/08), 985 So.2d 246, 250-53; State v. Harvey, 08-0217, pp. 6-9 (La.App. 4 Cir. 5/13/09), 12 So.3d 496, 500-02.

The review of sentences under La. Const. Art. 1, § 20 does not provide an appellate court with a vehicle for substituting its judgment for that of a trial judge as to what punishment is most appropriate in a given case.  State v. Williams, 07-1111, p. 1 (La. 12/7/07), 969 So.2d 1251, 1252.  On appellate review of a sentence, the relevant question is not whether another sentence might have been more appropriate, but whether the trial court abused its broad sentencing discretion.  State v. Walker, 00-3200, p. 2 (La. 10/12/01), 799 So.2d 461, 462.

The mid-range 45-year sentence does not shock our sense of justice.  The agents in the present case obtained a search warrant for

> the residence based on information that crack cocaine was being sold there. The agents were forced to use a battering ram to open the door after it was not answered, and then still had to order the door be opened after a metal barricade prevented them from entering. The defendant attempted either to dispose of or to hide the crack cocaine that was packaged for sale. Further, the defendant had committed multiple armed robberies as a juvenile and had been convicted of possession of cocaine.
>
> We find the trial court did not abuse its broad sentencing discretion in imposing the 45-year sentence when the defendant faced a 60-year sentence.[19]

Petitioner's related writ application was then denied by the Louisiana Supreme Court without additional reasons assigned.[20]

To the extent petitioner is arguing that his sentence is excessive or otherwise inappropriate under Louisiana law, that claim is not cognizable in this federal proceeding. Federal *habeas corpus* relief is available only to correct violations of federal constitutional law and, therefore, this Court does not sit to review alleged errors of state law. Narvaiz v. Johnson, 134 F.3d 688, 695 (5th Cir. 1998). Accordingly, this Court will not review the state court's findings regarding the legality of petitioner's sentence under state law. Brunet v. Goodwin, Civ. Action No. 12-1974, 2013 WL 623505, at *12 (E.D. La. Jan. 22, 2013), adopted, 2013 WL 619278 (E.D. La. Feb. 19, 2013).

Further, to the extent that petitioner is claiming that his sentence is excessive under the Eighth Amendment of the United States Constitution, his claim is without merit. In Solem v.

---

[19] State v. Evans, 30 So.3d 958, 962-67 (La. App. 5th Cir. 2009) (No. 09-KA-477) (footnote omitted); State Rec., Vol. V of V.

[20] State v. Evans, 61 So.3d 653 (La. 2011) (No. 2010-KO-0363); State Rec., Vol. V of V.

Helm, 463 U.S. 277, 284 (1983), the Supreme Court held that the Eighth Amendment "prohibits not only barbaric punishments, but also sentences that are disproportionate to the crime committed." "This constitutional principle is tempered, however, by the corollary proposition that the determination of prison sentences is a legislative prerogative that is primarily within the province of legislatures, not courts." United States v. Gonzales, 121 F.3d 928, 942 (5th Cir. 1997) (citing Rummel v. Estelle, 445 U.S. 263, 274-76 (1980)). "[C]ourts must grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes." Gonzales, 121 F.3d at 942 (quotation marks omitted). "[T]herefore, it is firmly established that successful challenges to the proportionality of punishments should be exceedingly rare." Id. (quotation marks omitted).

Interpreting Solem in light of intervening precedent, the United States Fifth Circuit Court of Appeals has set forth the framework to be used when analyzing a claim that a sentence is excessive:

> [W]e will initially make a threshold comparison of the gravity of [petitioner's] offenses against the severity of his sentence. Only if we infer that the sentence is grossly disproportionate to the offense will we then ... compare the sentence received to (1) sentences for similar crimes in the same jurisdiction and (2) sentences for the same crime in other jurisdictions.

McGruder v. Puckett, 954 F.2d 313, 316 (5th Cir. 1992). Moreover, when, as here, evaluating the excessiveness of a sentence imposed under a habitual offender statute, a court must be mindful that the "sentence is imposed to reflect the seriousness of [petitioner's] most recent offense, not as it stands alone, but in the light of his prior offenses." Id.

The Fifth Circuit has noted that <u>Rummel v. Estelle</u>, 445 U.S. 263 (1980), "establishes a benchmark for disproportionate punishment under the Eighth Amendment." <u>Gonzales</u>, 121 F.3d at 943. In <u>Rummel</u>, the Supreme Court upheld a petitioner's sentence to life imprisonment for obtaining $120.75 under false pretenses. The sentence was imposed under a Texas recidivist statute and took into account petitioner's prior convictions for fraudulent use of a credit card and passing a forged check. The Fifth Circuit observed:

> We acknowledge that the distinction between constitutional sentences and grossly disproportionate punishments is an inherently subjective judgment, defying bright lines and neutral principles of law. Nevertheless, we can say with certainty that the life sentence approved in <u>Rummel</u> falls on the constitutional side of the line, thereby providing a litmus test for claims of disproportionate punishment in violation of the Eighth Amendment.

<u>Gonzales</u>, 121 F.3d at 943 (footnote omitted).

In the instant case, petitioner was convicted of the serious crime of possession with intent to distribute cocaine and his sentence was enhanced because he had a criminal history, including a prior felony conviction for possession of cocaine.[21] The gravity of drug offenses is abundantly obvious, as numerous courts have noted. For example, in a case involving distribution of heroin, a similarly insidious and pernicious drug, the United States Fifth Circuit Court of Appeals held:

> A life sentence for the crime of distribution of heroin serves substantial state interests in the same manner that state interests were served by a life sentence for recidivism in <u>Rummel</u>. The state could

---

[21] <u>See</u> State Rec., Vol. II of V, multiple bill of information; <u>see also</u> State Rec., Vol. II of V, transcript of January 31, 2002.

reasonably treat heroin distribution as a serious crime equivalent to crimes of violence.  It could conclude:

> . . .  The drug seller, at every level of distribution, is at the root of the pervasive cycle of drug abuse. Measured thus by the harm it inflicts on the addict, and, through him, upon society as a whole, drug dealing in its present epidemic proportions is a grave offense of high rank.

State v. Terrebonne, [364 So.2d 1290, 1292 (La. 1978)], quoting Carmona v. Ward, [576 F.2d 405 (2nd Cir. 1978)].

Terrebonne v. Blackburn, 646 F.2d 997, 1002 (5th Cir. 1981).   The Fifth Circuit also noted that

drug distribution is particularly serious in light of the other crimes to which it often leads:

> "More significant, of course, are the crimes which drug traffickers engender in others. ... The addict, to meet the seller's price, often turns to crime to 'feed' his habit. Narcotics addicts not only account for a sizable percentage of crimes against property; they commit a significant number of crimes of violence as well."

Terrebonne, 646 F.2d at 1002 (quoting Terrebonne, 364 So.2d at 1292).

In his concurring opinion in Harmelin v. Michigan, 501 U.S. 957 (1991), a case

involving possession of cocaine, Justice Kennedy similarly noted the gravity of drug offenses:

> Possession, use, and distribution of illegal drugs represent one of the greatest problems affecting the health and welfare of our population. Petitioner's suggestion that his crime was nonviolent and victimless, echoed by the dissent, is false to the point of absurdity.  To the contrary, petitioner's crime threatened to cause grave harm to society.
>
> Quite apart from the pernicious effects on the individual who consumes illegal drugs, such drugs relate to crime in at least three ways:  (1) A drug user may commit crime because of drug-induced changes in physiological functions, cognitive ability, and mood; (2) A drug user may commit crime in order to obtain money to buy drugs; and (3) A violent crime may occur as part of the drug business or culture.

Id. at 1002 (citations and quotation marks omitted).

In light of the finding in Rummel that a *life* sentence was not excessive for the relatively minor offenses involved in that case, this Court has no hesitation in concluding that petitioner's enhanced sentence of forty-five years imprisonment under the more serious circumstances here is not grossly disproportionate. In that the sentence is not grossly disproportionate, this Court's "inquiry is finished." Gonzales, 121 F.3d at 942.

In summary, even if this Court were to consider the arguably exhausted claim challenging the excessiveness of the sentence in this case, relief could not be granted unless petitioner could show that the state court's decision denying that claim "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). For the foregoing reasons, he could not make that showing and, therefore, relief would not be warranted.

## **RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the petition of **Majuangy Evans** for federal *habeas corpus* relief be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from

a failure to object.  Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996)

(en banc).

New Orleans, Louisiana, this first day of April, 2013.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**